IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-369

 Filed: 7 January 2020

Macon County, No. 15 CRS 416

STATE OF NORTH CAROLINA,

 v.

THOMAS EUGENE CRANE, Defendant.

 Appeal by Defendant from judgment entered 23 October 2018 by Judge

William H. Coward in Macon County Superior Court. Heard in the Court of Appeals

17 October 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Jonathan J.
 Evans, for the State-Appellee.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi
 Reiner, for Defendant-Appellant.

 COLLINS, Judge.

 Defendant Thomas Eugene Crane raises one evidentiary issue on appeal from

judgment entered upon a jury verdict of guilty of driving while impaired. Because

Defendant has waived appellate review of this issue due to invited error, we dismiss

the appeal.

 I. Procedural History

 Defendant was issued a citation for driving while impaired on 28 November

2015. He pled no contest to the offense in Macon County District Court on 17 January
 STATE V. CRANE

 Opinion of the Court

2017 and was sentenced to 12 months’ imprisonment, suspended for 36 months’

probation. Defendant appealed to Macon County Superior Court. After a jury trial,

the jury found Defendant guilty of driving while impaired. The trial court sentenced

Defendant to 10 months’ imprisonment. Defendant gave notice of appeal in open

court.

 II. Factual Background

 The State’s evidence tended to show that Defendant was driving a moped on

U.S. Highway 23 on 28 November 2015 at around 8:30 p.m., when he was struck by

a car. When North Carolina State Highway Patrol Trooper Jonathan Gibbs arrived

at the scene of the accident, emergency personnel were talking with Defendant and

preparing to place him in an ambulance. The moped was in the grass to the right

side of the road and was inoperable. Gibbs spoke with Defendant after he had been

placed in the ambulance and noted that Defendant’s eyes were red and glassy and

that he had a strong odor of alcohol on his breath. When Gibbs asked Defendant if

he had been drinking, Gibbs admitted to having “some drinks throughout the day.”

Defendant refused to take a portable breath test.

 Gibbs also interviewed the driver of the car, who explained that he was driving

about 40 miles per hour in the right lane of the highway when he came upon “a dim

red light” that he believed was a tail light “all of the sudden in the right-hand lane.”

 -2-
 STATE V. CRANE

 Opinion of the Court

Although the driver of the car braked and swerved to the left, his car struck the

moped.

 Gibbs investigated the crash, making observations of the road and the vehicles

and taking measurements that he later used to create a diagram and a crash report.

Gibbs visited Defendant at the hospital, again detecting an odor of alcohol on his

breath. When Gibbs asked Defendant for the second time if he had been drinking,

Defendant admitted to having “some mixed drinks” and that he “did not stop drinking

until after dark that night.” Gibbs issued Defendant a citation for driving while

impaired. Based upon results of a blood test performed at the hospital, it was later

determined that Defendant’s blood alcohol concentration was 0.16 grams of alcohol

per 100 milliliters of whole blood.

 III. Discussion

 Defendant argues that the trial court plainly erred by admitting into evidence

Gibbs’ testimony about how and where the accident occurred. Defendant contends

that this was improper lay opinion testimony because Gibbs did not witness the

accident, and it was not admissible as expert testimony because Gibbs was not

qualified as an expert in accident reconstruction.

 The State argues that Defendant has waived his right to appellate review of

this issue due to invited error. We agree.

 -3-
 STATE V. CRANE

 Opinion of the Court

 “A defendant is not prejudiced by . . . error resulting from his own conduct.”

N.C. Gen. Stat. § 15A-1443 (2018). “Thus, a defendant who invites error has waived

his right to all appellate review concerning the invited error, including plain error

review.” State v. Barber, 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001).

“Statements elicited by a defendant on cross-examination are, even if error, invited

error, by which a defendant cannot be prejudiced as a matter of law.” State v. Gobal,

186 N.C. App. 308, 319, 651 S.E.2d 279, 287 (2007) (citation omitted). Moreover,

where a defendant himself offered testimony that is similar to the testimony from the

witness that defendant challenges on appeal, the defendant has waived his right to

appellate review of any error that may have resulted from the admission of the

challenged testimony. State v. Steen, 226 N.C. App. 568, 576, 739 S.E.2d 869, 876

(2013).

 In this case, Defendant challenges the following testimony by Gibbs: (1) the

moped was being driven in the right-hand lane at the time of the collision, and (2) the

tire marks Gibbs observed indicated the point of impact. However, Gibbs did not give

this challenged testimony on direct examination. Gibbs’ testimony on direct

examination about the observations and measurements he made at the scene of the

accident included the following:

 [State]: And what happened when you got that call?
 [Gibbs]: I received a call from our communications center
 about a motor vehicle accident involving a moped and a car.
 When I arrived there was first responders, EMS, was

 -4-
 STATE V. CRANE

 Opinion of the Court

 already on the scene. Whenever I got out I noticed the
 moped was off to the right of the road, over in the grass.
 And a car was on up the road past that with its flashers on.
 When I exited the vehicle, my vehicle, I went up and was
 talking to EMS. At that time they was working with
 [Defendant] trying to get him into the ambulance.
 ....
 [State]: And after you spoke with the other driver, what
 happened?
 [Gibbs]: After that I got the measurements and everything
 I needed for that wreck. I got the wrecker to come for the
 moped. The driver of the vehicle 1, Mr. Warner, his vehicle
 was still -- he was going to have the other, the tow
 company, Ridgecrest Towing, it was still drivable. He was
 going to be able to get it to where he could still drive home
 and not need a wrecker. Once that took place, I left there
 and went to the hospital to see [Defendant].
 ...
 [State]: And the vehicle, this moped, could you kind of
 describe it for the jury?
 [Gibbs]: At the time it was laying, the moped, was laying
 on its side over in the grass. It was a small, small moped.
 I think it was a TaoTao 2012 moped. Yes, 2012. And the
 moped itself would not be drivable in the condition that it
 was in from the wreck.

 During cross-examination, defense counsel questioned Gibbs more about his

observations and measurements at the scene of the accident:

 [Defense Counsel]: Okay. And did you at some point then
 create some sort of diagrams that describe in effect the
 collision?
 [Gibbs]: A diagram, yes, we -- yes.
 [Defense Counsel]: And you do one just by hand basically?
 [Gibbs]: We got one that we do which is – what that’s for

 -5-
 STATE V. CRANE

 Opinion of the Court

 is it’s at scene measurements diagram, yes.
 [Defense Counsel]: And do you take the same information
 to create something on some sort of true graphic using
 some sort of software or something?
 [Gibbs]: Yes.
 [Defense Counsel]: And that’s the same data that goes into
 both graphic depictions of the collision?
 [Gibbs]: That would be correct. We would use the
 measurement sheet that we do on the side of the road, it’s
 just a sketch to, you know, have all the like road width
 measurements and that stuff to later be entered into the
 what’s called eCrash. It’s a crash site that we use.
 [Defense Counsel]: Okay. And was it your conclusion that
 at the time of the collision the moped was in the middle of
 the right-hand lane traveling north?
 [Gibbs]: It was in the right-hand lane, yes, traveling north.

 It is apparent from the transcript that the first challenged item of Gibbs’

testimony—that the moped was being driven in the right-hand land at the time of the

collision—was elicited by defense counsel during cross-examination. As a result, even

if it would otherwise have been error to allow Gibbs to testify to the location of the

vehicles in an accident without being tendered as an expert, the error was invited by

Defendant, and thus Defendant cannot be prejudiced as a matter of law. See Gobal,

186 N.C. App. at 319, 651 S.E.2d at 287. See State v. Rivers, 324 N.C. 573, 575-76,

380 S.E.2d 359, 360 (1989) (citation omitted) (holding that defendant waived

appellate review of a challenge to the admissibility of testimony because defense

counsel elicited the testimony during cross-examination of the witness and failed to

object to the testimony at trial). As a result of Defendant’s invited error, he has

 -6-
 STATE V. CRANE

 Opinion of the Court

waived appellate review of this testimony, including plain error review. See Barber,

147 N.C. App. at 74, 554 S.E.2d at 416.

 The State then asked Defendant on cross-examination about the testimony

that Gibbs had already provided, as elicited by defense counsel:

 [State]: And you heard Trooper Gibbs testify that based on
 his investigation he believed your moped to be in the
 middle of the lane at the time of the impact, correct, you
 heard him say that?
 [Defendant]: That what he said on the stand but that’s not
 . . . what he told my daughter and I. . . .
 ....
 The only conclusion I can draw from why he hit me
 is that he said he jerked it when he seen me. He had to be
 over on the shoulder when he first seen me. Because when
 he jerked it back, that’s when he just barely missed me
 walking and hit the scooter.
 [State]: So to be clear, you’re saying that he had to have
 been off over the white line in order to hit you?
 [Defendant]: Yes.
 [State]: Okay.
 [Defendant]: I’m not saying he had to be but that’s the
 most logical conclusion that – because I know where I was
 at. Mr. Gibbs met my daughter and I out at the accident
 scene after I was released from the hospital. He helped us
 look for my keys that had flown out of the scooter for an
 hour, for about a good hour. At that point in time he
 showed me exactly where the impact had taken place
 because there was two big black marks right out to the side
 like that. And I couldn’t understand why they were out to
 the side. And he said that was where the tire exploded when
 the impact was made. And it was that far from the white
 line, not nowhere near the middle of the road.

 -7-
 STATE V. CRANE

 Opinion of the Court

Thus, it is also apparent from the transcript that Defendant offered testimony about

Gibbs’ identification of the point of impact based on the tire marks. On rebuttal, the

State echoed Defendant’s testimony when asking Gibbs about his observation of tire

marks:

 [State]: Trooper, when you conducted your wreck
 investigation did you see any tire marks in the roadway at
 the point of impact?

 [Gibbs]: Yes, sir.

 [State]: Where were those tire marks?

 [Gibbs]: In the center lane, as I diagram[m]ed on a HP-49A
 that is done at the scene of the investigation.

 Defendant cannot now challenge Gibbs’ rebuttal testimony regarding the point

of impact based on the tire marks because Defendant himself had already offered

testimony of similar character. See Steen, 226 N.C. App. at 576, 739 S.E.2d at 876.

Defendant has thus waived appellate review of any error that may have resulted from

the admission of this challenged testimony. See id.

 IV. Conclusion

 Because any error in admitting the officer’s testimony was invited error,

Defendant waived all review, including plain error review. Accordingly, Defendant’s

appeal is dismissed.

 DISMISSED.

 Judges ARROWOOD and HAMPSON concur.

 -8-